1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRIAN SEEFELDT,

11          Petitioner,              No. CIV S-10-0151 DAD P

12      vs.

13   SOLANO COUNTY CUSTODY
     DIVISION, et al.,               ORDER AND
14
            Respondent.              FINDINGS AND RECOMMENDATIONS
15   _____/

16          Petitioner, currently confined at the Solano County Jail, has filed a petition for a

17   writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in

18   forma pauperis.

19          Examination of the in forma pauperis application reveals that petitioner is unable

20   to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

21   granted.  See 28 U.S.C. § 1915(a).

22                        **PRELIMINARY SCREENING**

23          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

24   dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to

25   it that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, Rules Governing

26   Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may

                                    1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

**BACKGROUND**

On January 20, 2010, petitioner commenced this action by filing a petition for writ of habeas corpus.  Therein, he alleges as follows.  On February 12, 2007, he fell at the jail and severely injured his back.  While he was receiving treatment for his back injury, medical personnel found a brain tumor, which plaintiff alleges affects his ear canal and causes ringing in his ear.  Petitioner claims that Solano County Jail officials have denied or delayed his medical care in connection with his back injury and brain tumor in violation of his constitutional rights. (Pet. at 4.)

**ANALYSIS**

The instant petition should be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief.  Petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Here, petitioner does not challenge the legality of his conviction, a parole proceeding, or other adjudication that has led to his current incarceration.  Rather, petitioner challenges the conditions of his confinement. Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement.  42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  Accordingly, petitioner is not entitled to habeas corpus relief, and this habeas action should be dismissed without prejudice to filing a civil rights action.

/////

/////

2

**CONCLUSION**

IT IS HEREBY ORDERED:

1. Petitioner's January 20, 2010 motion to proceed in forma pauperis (Doc. No. 2) is granted; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's January 20, 2010 application for writ of habeas corpus (Doc. No. 1) be dismissed without prejudice to filing a civil rights action; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 28, 2010.

DAD:9
seef0151.156

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

3